UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAY OUSBORN,

        Plaintiffs,

  v.

ONEWEST BANK, INC., a Washington corporation, et al.,

        Defendants.
_____/

NO. 2:09-cv-3334 FCD KJM

<u>ORDER</u>

----oo0oo----

    The court has reviewed defendant OneWest Bank, Inc.'s notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441(a) and (b) based on federal question jurisdiction.  Plaintiff's complaint alleges causes of action for cancellation of deed, quiet title, fraud-concealment, constructive trust and order of conveyance, negligence, breach of fiduciary duty and constructive fraud, wrongful foreclosure, violation of California Business and Professions Code § 17200, et seq., negligent infliction of

emotional distress, and injunctive relief.  Defendant removed the case, asserting that plaintiffs also alleged violations of federal statutes, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  <u>Sacramento Metropolitan Air Quality Management Dist. v. United States</u>, 215 F.3d 1005, 1014 (9th Cir. 2000).  Federal jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims."  <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 345 (9th Cir. 1996) (quoting <u>Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  <u>Id.</u> (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); <u>Lippit v. Raymond James Fin. Servs., Inc.</u>, 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on

2

unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994) (holding that negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction).

In this case, plaintiff's claims do not rely solely on violations of federal law. Indeed, none of his claims are based upon a violation of a federal statute or seek relief pursuant to that statute. Moreover, plaintiff relies not only on alleged federal statutory violations, but also on alleged irregularities in the loan and state law violations to form the basis of his claims. (See Compl., attached to Notice of Removal, filed Nov. 30, 2009, ¶ 4.) Specifically, in his second cause of action for quiet title, plaintiff alleges that "*aside* from the *loan irregularities* and statutory violations as herein alleged, there is no tenable, legal basis by which [d]efendant can foreclose on the property." (Compl. ¶ 11) (emphasis added). Similarly in his seventh cause of action for wrongful foreclosure, plaintiffs allege that defendant's "sale and recorded instruments are wrongful by virtue of noncompliance with applicable *California* Code provisions and statutes." (Compl. ¶¶ 43) (emphasis added).[1] As such, resolution of the potential federal issues raised in the complaint is not essential, and thus, determination of federal law is not a necessary element of any of the well-pleaded state

---

[1] Most of plaintiff's causes of action refer to paragraph 4, which, as noted, describes not only violations of federal statutes, but also other loan irregularities.

3

1 claims.  See Christianson v. Colt Industries Operating Corp., 486
2 U.S. 800, 810 (1988) ("[A] claim supported by alternative
3 theories in the complaint may not form the basis for [federal]
4 jurisdiction unless [federal] law is essential to each of those
5 theories.").

6 Because the court does not have federal question
7 jurisdiction over plaintiffs' claims,[2] the court REMANDS this
8 action back to the Superior Court of California, County of
9 Solano.

10 IT IS SO ORDERED.
11 DATED: December 2, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Defendant raises no basis for removal based upon diversity jurisdiction in its Notice of Removal.

4